**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

MYRON C. FRANKLIN,

      Plaintiff,

v.                                    Case No.  5:26-cv-139-MW-MJF

GLENN HANCOCK, *et al.*,

      Defendant.

                                 /

## REPORT AND RECOMMENDATION

In this § 1983 action, the undersigned struck Plaintiff's complaint because it was a "shotgun" pleading. Plaintiff filed an amended complaint that also is a "shotgun" pleading. Doc. 7. The District Court, therefore, should dismiss this civil action.

### BACKGROUND

**A.**     **Plaintiff's Initial Complaint**

On May 18, 2026, Plaintiff, a prisoner at the Charlotte Correctional Institution, initiated this civil action by filing a complaint pursuant to 42 U.S.C. § 1983. Doc. 1 at 1. Plaintiff attempted to assert claims under the Eighth Amendment against 13 defendants. *Id.* at 1–2, 17.

**B.    The Undersigned Struck Plaintiff's Complaint Because it was a "Shotgun" Pleading**

On June 3, 2026—because Plaintiff's complaint violated Rules 8 and 10 of the Federal Rules of Civil Procedure—the undersigned struck Plaintiff's complaint and ordered Plaintiff to file an amended complaint. Doc. 6. In doing so, the undersigned provided Plaintiff with detailed instructions to ensure that Plaintiff complied with the Federal Rules of Civil Procedure. Among other things, the undersigned specifically instructed Plaintiff that his complaint was deficient because Plaintiff failed to connect his allegations to his claims. *Id.* at 3.

**C.    Plaintiff Filed Another "Shotgun" Pleading**

On June 24, 2026, Plaintiff filed his amended complaint. Doc. 7. In his amended complaint, Plaintiff sues 13 Defendants, all of whom are employees of the Jackson Correctional Institution. *Id.* at 2–3. Plaintiff attempts to assert the following claims:

- an Eighth-Amendment excessive-force claim;

- an Eighth-Amendment failure-to-intervene claim; and

- an Eighth-Amendment deliberate-indifference claim.

*Id.* at 9.

Although he asserts multiple claims, Plaintiff does not specify which of his allegations pertain to each claim. Plaintiff also does not connect each defendant to relevant facts and claims.

## DISCUSSION

A civil complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). The purpose of these rules is "to require the pleader to present his claims discretely and succinctly" so the opposing party and the court can discern the nature of the plaintiff's claims. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). "A so-called 'shotgun pleading' is a complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both." *Toth v. Antonacci*, 788 F. App'x 688, 690 (11th Cir. 2019).

A district court has the inherent authority to dismiss a complaint on shotgun pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1320). A

district court that receives a shotgun pleading must give a plaintiff "one chance to remedy such deficiencies." *Id.* But once a *pro se* litigant has been given that opportunity to remedy the deficiencies and squanders the opportunity by filing another shotgun pleading, the district court has the authority to dismiss the complaint on shotgun pleading grounds. *Id.* at 1295; *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001).

Plaintiff's amended complaint contains six paragraphs of allegations, but Plaintiff asserts three distinct claims against 13 Defendants. Doc. 10 at 6–8. Plaintiff does not specify which allegations pertain to particular claim, and only sometimes does he connect particular facts to particular Defendants. Thus, Plaintiff forces the reader of the complaint to "speculate as to which factual allegations pertain to which count." *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997). This violates the Federal Rules of Civil Procedure. *Weiland*, 792 F.3d at 1322.

A plaintiff cannot "simply allege facts and let the district court figure things out from there." *McCreight v. Auburn Bank*, 117 F.4th 1322, 1332 (11th Cir. 2024). "[D]istrict courts are flatly forbidden from scouring shotgun complaints to craft a potentially viable claim for a plaintiff. By

digging through a complaint in search of a valid claim, the courts "would give the appearance of lawyering for one side of the controversy.'" *Barmapov*, 986 F.3d at 1328 (Tjoflat, J., concurring) (quoting *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1355 n.6 (11th Cir. 2018)). Furthermore, the undersigned *specifically* instructed Plaintiff that he must "identify the facts relevant to a particular claim." Doc. 6 at 8. Plaintiff, however, failed to follow the undersigned's instructions.

Because Plaintiff filed a second "shotgun" pleading—after the undersigned struck his previous shotgun complaint and instructed him how to comply with the Federal Rules of Civil Procedure—the District Court should dismiss this civil action.

### CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends that the District Court:

1.   **DISMISS** this civil action; and

2.   **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida this 24th day of June 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**